

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

June 9, 2025

Craig B. Whitney
Member of the Firm
d +1.212.969.3415
f 212.969.2900
cwhitney@proskauer.com
www.proskauer.com

**Via ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *Bank. v. NFL Properties LLC* – Case No. 1:25-cv-03981-ALC ("*Bank II*")

Dear Judge Carter:

We represent Defendant NFL Properties LLC ("NFLP") in this action. In accordance with Rule 2A of Your Honor's Individual Rules and Practices, we write to respectfully request a pre-motion conference regarding the request to transfer this case to Judge McMahon, as well as Defendant's proposed motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) and motion for costs pursuant to Federal Rule of Civil Procedure 41(d).

### I.     Request to Transfer

Plaintiff Todd Bank ("Bank"), an attorney representing himself, acknowledged in the Civil Cover Sheet that the current action, "or one essentially the same," was previously filed before Hon. Colleen McMahon in *Bank v. NFL Properties LLC*, No. 24-cv-08814 (S.D.N.Y. Nov. 19, 2024) ("*Bank I*"). *See* ECF No. 3. NFLP also filed a Related Case Statement, briefly noting the grounds for transfer under Rule 4(b) and Rule 13(a) of the Rules for Division of Business. ECF No. 8. In response, Bank filed a four-page declaration, where he concluded, "I take no position on the reassignment question itself, but only request that the Court make its decision with awareness of the points that I have made herein (the Court may disregard the fact that this Declaration is being filed as an "Objection to Statement of Relatedness")." ECF No. 9 ¶ 8.

The current action is a continuation of the previously filed action. Bank's complaint in this action concerns the same parties, involves a nearly identical set of facts, and seeks the same relief as Bank's earlier filed and voluntarily dismissed case (*Bank I*). As with the current complaint, the complaint in *Bank I* sought a declaratory judgment that Bank would not violate various provisions of the Lanham Act if he sold merchandise bearing trademarks owned by NFLP or the NFL's member clubs. *Bank I*, ECF No. 1. NFLP moved to dismiss Bank's complaint, arguing that Bank had pleaded neither a justiciable controversy nor a plausible claim. *Id.*, ECF Nos. 19, 20. Rather than oppose NFLP's motion, Bank amended his complaint once as matter of course under Rule 15(a)(1). *Id.*, ECF No. 21. The amended complaint made minor factual amendments, but still failed to adequately support Bank's contentions, so NFLP again moved to dismiss. *Id.*, ECF Nos.

**Proskauer**

The Honorable Andrew L. Carter, Jr.
June 9, 2025
Page 2

22, 23. Instead of opposing the motion or seeking leave to file another amended complaint, Bank voluntarily dismissed his case the day before his opposition was due. *Id.*, ECF 24.

The complaint in this action, filed nearly six weeks after the due date for his opposition brief in *Bank I*, is now Bank's third pleading attempt. Bank essentially acknowledges as much in his Declaration. *See* ECF No. 9 ¶¶ 4-6 (pointing out that the differences in this complaint from the prior two relate to steps taken in response to NFLP's motions to dismiss and acknowledging his "legal theory in the present case is essentially the same as in [*Bank I*]"). The new complaint also contains thirty pages of improper legal argument that more appropriately should have been included in Bank's opposition to NFLP's motion to dismiss.

Because the complaint in this action is primarily designed to address the deficiencies raised by NFLP in its prior motions to dismiss, it would also serve the interests of efficiency for the case to be transferred to Judge McMahon. That Court is familiar with the procedural history between the parties, including the prior pleadings in *Bank I*, and it would limit Bank's ability to seek to amend further under Rule 15 rather than finally responding to NFLP's dismissal motion. Transfer is particularly appropriate because NFLP intends to seek its costs pursuant to Federal Rule of Civil Procedure 41(d) in connection with defending *Bank I,* discussed further below.

### II.      Motion to Dismiss

#### *Plaintiff Lacks Standing*

Bank's complaint for declaratory judgment should be dismissed as there is no justiciable controversy. *See Bd. of Educ of City of New York. v. Califano*, 479 F. Supp. 561, 562, (S.D.N.Y. 1979) (to invoke the jurisdiction of a federal court a plaintiff "must establish that an actual case or controversy exists between the parties"). In the trademark context, to establish a case or controversy, a plaintiff must adequately allege that he has "engaged in a course of conduct evidencing a *definite* intent and apparent ability to commence use of the marks on the product." *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 354 (2d Cir. 2020) (emphasis added) (quoting *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 596 (2d Cir. 1996)). Specifically, a plaintiff must show that he is "actively preparing to produce the article in question" such that he has reached "the last point before the point of no return." *Starter Corp.*, 84 F.3d at 596. Plaintiff's alleged bare minimum steps to create a product bearing an NFL trademark (Compl. ¶¶ 89-91)—taken not with a genuine desire to sell merchandise, but rather to overcome NFLP's arguments in its prior motions to dismiss—do not demonstrate the requisite "definite intent" to sell infringing goods. Nor do they establish that he has reached the last point before the point of no return, as required.

#### *Plaintiff's Claim Fails as a Matter of Law*

Bank's complaint should also be dismissed because he fails to plausibly allege that the NFL Marks are functional and, therefore, unprotectable.

Under trademark law, functionality may be either (1) "traditional" or "utilitarian"; or (2) "aesthetic." *Christian Louboutin, S.A. v. Yves Saint Laurent Am. Holding, Inc.*, 696 F.3d 206, 219 (2d Cir. 2012). The NFL's trademarks are neither. They are not functional in a utilitarian

**Proskauer»**

The Honorable Andrew L. Carter, Jr.
June 9, 2025
Page 3

way because they are not essential to the functioning or quality of the product. *See Louboutin*, 696 F.3d at 219 (a trademark is functional, from a utilitarian perspective, where it is considered "essential to the use or purpose of the article" or "affects the cost or quality of the article") (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 850, n. 10 (1982)). An item bearing an NFL trademark, such as a hat or a coffee mug, would function just as well without the mark. The NFL's trademarks also are not aesthetically functional because they are not merely stylistic aspects of a branded product designed to make the product more appealing. Rather, they are the brand itself. *See Wallace Int'l Silversmiths, Inc. v. Godinger Silver Art Co.*, 916 F.2d 76, 81 (2d Cir. 1990) (a trademark is aesthetically functional if "an ornamental feature is claimed as a trademark and trademark protection would significantly hinder competition by limiting the range of adequate alternative designs"); *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 246 (S.D.N.Y. 2012) ("A feature is ornamental if it is added purely for aesthetic reasons and serves *no* source-identifying purpose.") The allegation that consumers may purchase products bearing NFL trademarks to communicate allegiance to the league or a team does not make the trademarks aesthetically functional under the law. Instead, the fact that fans associate the trademarks with the NFL and its 32 member clubs (*see* Compl. ¶¶ 76-83) means that the trademarks serve as source identifiers—*which is precisely what trademark law protects*.

### III.     Motion For Costs Pursuant to Rule 41(d)

In addition to warranting a transfer to Judge McMahon, the extensive similarities of Bank's complaints in this action and *Bank I*, in conjunction with Plaintiff's voluntary dismissal of *Bank I* and re-filing of this action, entitle NFLP to its costs and fees expended in connection with *Bank I* pursuant to Federal Rule of Civil Procedure 41(d).

Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." As discussed above, the complaints in this action and *Bank I* "depend on the same core showing about the same trademarks," and thus are subject to Rule 41(d). *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 23 (2d Cir. 2018) (affirming award of costs, including attorneys' fees, pursuant to Rule 41(d)). Moreover, Plaintiff voluntarily dismissed *Bank I* and filed this complaint seemingly to avoid the timing and page limitations of an opposition brief—instead, filing a new action six weeks after the *Bank I* opposition deadline with thirty pages of legal argument that should have properly been included in a twenty-five page opposition brief. Accordingly, NFLP should be compensated for the unnecessary fees it incurred in connection with defending *Bank I*. *See Horowitz*, 888 F.3d at 25 ("Rule 41(d) evinces an unmistakable intent for a district court to be free, in its discretion, to award attorneys' fees as part of costs.").

Respectfully Submitted,

Craig B. Whitney