UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TODD C. BANK,

          Plaintiff,

-against-                                                                                   25-cv-3981 (CM)

NFL PROPERTIES LLC,

          Defendant.

------------------------------------------------------------x

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

McMahon, J.:

On October 21, 2025, this court issued a *Decision and Order Granting Defendant's Motion to Dismiss the Complaint; Denying Defendant's Motion for Costs; and Denying Plaintiff's Motion for Sanctions*. See Dkt. No. 47. Plaintiff Todd C. Bank now moves for reconsideration of that decision to the extent the court declined to (1) exercise jurisdiction over the action, and (2) impose sanctions on Defendant NFL Properties LLC ("NFLP"). See Dkt. No. 50, at 1.

Pursuant to this court's Individual Practices and Procedures, the NFLP need not serve any responsive papers until the court determines whether a response is required or whether a motion can be denied *sua sponte*. See Rule V(F)(5). Having reviewed Bank's motion for reconsideration, the court finds that the motion is without merit and can be denied *sua sponte*.

Bank's motion for reconsideration is governed by Local Civil Rule 6.3.[1] Local Civil Rule 6.3 allows a party to file a notice of motion for reconsideration within 14 days after entry of a court

---

[1] A motion for reconsideration under S.D.N.Y. Local Civil Rule 6.3 is evaluated under the same standard as a motion for reconsideration under the Federal Rules of Civil Procedure. *See Pasha v. William M. Mercer Consulting, Inc.*, 2004 WL 1474694 (S.D.N.Y. June 30, 2004)

order, along with a motion "setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked."

Whether to grant a motion for reconsideration is "committed to the sound discretion of the district court." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012). A court may grant reconsideration only when a movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The movant bears a heavy burden, as "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Bank has not pointed to any controlling decisions or factual matters the court overlooked that might reasonably be expected to alter the court's conclusion. Rather, Bank merely "regurgitate[s] the arguments that this court previously rejected." *Charter Oak Fire Ins. Co. ex rel. Milton Fabrics v. Nat'l Wholesale Liquidators*, 2003 WL 22455321, at *1 (S.D.N.Y. Oct. 29, 2003) (citing *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). It is well settled that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)). Bank's dissatisfaction with the court's decision is not a proper basis for a motion for

2

reconsideration. If Bank wants to argue that this court abused its discretion under the Declaratory Judgment Act by declining to exercise jurisdiction, he can do so on appeal.

The court also notes that Bank's motion for reconsideration fails to comply with Local Rule 6.3, which states that, unless otherwise provided by the court, a motion prepared by an attorney may not exceed 3,500 words. Bank's motion contains 4,358 words, which is well above the limit. This is plainly improper.

For the reasons set forth above, Bank's motion for reconsideration is DENIED.

## CONCLUSION

The Clerk of Court is respectfully requested to remove the motions at Dkt. No. 49 from the court's list of open motions, and to close this case.

This constitutes the decision and order of the court. It is a written decision.

Dated: November 5, 2025

*[signature]*

U.S.D.J.

BY ECF TO ALL COUNSEL